UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEMUEL D. ACOSTA and MARIA E. VENTRELLA,<br><br>              Plaintiffs,<br>v.<br>SUNTRUST BANKS, INC., SUNTRUST BANK, SUNTRUST MORTGAGE, INC., TWIN RIVERS INSURANCE COMPANY, TWIN RIVERS II, INC. and JOHN DOES 1 - 10,<br>              Defendants. | CASE NO. CV 11-10205-JAK-E<br>Honorable John A. Kronstadt<br><br>[~~PROPOSED~~] **ORDER REGARDING THE USE AND DISSEMINATION OF CONFIDENTIAL INFORMATION** |

The purpose of this Order is to protect the confidentiality of materials exchanged throughout the course of the litigation, which may contain trade secret or other confidential information, as much as practicable during the litigation. The parties have agreed to be bound by the terms of this Order. THEREFORE:

1. **Scope**. All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Confidential Information**. As used in this Order "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute or regulation; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) personal identity information; (e) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (f) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information.

3. **Designation**.

   (a) A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or

descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

    (b)    The designation of a document as Confidential Information is a certification by an attorney or a party appearing pro se that the document contains Confidential Information as defined in this order.

    4.    **Depositions**. Deposition testimony is protected by this Order only if designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the record at the time the testimony is taken. Such designation shall be specific as to the portions that contain Confidential Information. Deposition testimony so designated shall be treated as Confidential Information protected by this Order until fourteen days after delivery of the transcript by the court reporter to any party or the witness. Within fourteen days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record identifying the specific portions of the transcript that are designated Confidential Information, and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order. The failure to serve a timely Notice of Designation waives any designation of deposition testimony as Confidential Information that was made on the record of the deposition, unless otherwise ordered by the Court.

5.  **Protection of Confidential Material**.

    (a) **General Protections**. In this action, Confidential Information may only be disclosed to the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof. In a putative class action, Confidential Information may be disclosed only to the named plaintiff and not to any other member of the putative class unless and until a class including the putative member has been certified.

    (b) **Limited Third-Party Disclosures**. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (i)-(ix). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information;

        (i) **Counsel**. Counsel for the parties and employees of counsel who have responsibility for the action;

        (ii) **Parties**. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

        (iii) **The Court and its Personnel**.

        (iv) **Court Reporters and Recorders**. Court reporters and recorders engaged for depositions;

        (v) **Contractors**. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

4

1         (vi) **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Exhibit A, Acknowledgment of Understanding and Agreement to Be Bound.

          (vii) **Witnesses at Depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

          (viii) **Author or Recipient.** The author or recipient of the document (not including person who received the document in the course of litigation); and

          (ix) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

     (c) **Control of Documents**. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by Consultants and Experts pursuant to Paragraph 5(b)(vi) under this Order for a period of three years after the termination of the case.

     6. **Inadvertent Failure to Designate**. An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely

Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

7. **Filing of Confidential Information**. Any deposition transcript or Documents containing or otherwise disclosing Confidential Information that Plaintiff intends to file with the Court must be done so under seal in accordance with the pertinent Federal Rules of Civil Procedure and/or Local Rules.

8. **No Greater Protection of Specific Documents**. Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

9. **Challenges by a Party to Designation as Confidential Information**. The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge:

 (a) **Meet and Confer**. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in

designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

(b) **Judicial Intervention.** A designating party may file and serve a motion for a protective order that identifies the challenged material and sets forth in detail the basis for the material's confidentiality. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

10. **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11. **Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

(a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document

(b)     Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order- including copies as defined in ¶ 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return;[1] or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and one complete set of all documents filed with the Court including those filed under seal.  Any retained Confidential Information shall continue to be protected under this Order.  An attorney may use his or her work product in subsequent litigation provided that its use does not disclose or use Confidential Information.

(c)     **Deletion of Documents Filed under Seal from ECF System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

15.     **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

---

[1] The parties may choose to agree that the receiving party shall destroy documents containing Confidential Information and certify the fact of destruction, and that the receiving party shall not be required to locate, isolate and return e-mails (including attachments to e-mails) that may include Confidential Information, or Confidential Information contained in deposition transcripts or drafts or final expert reports.

1     16. **No Prior Judicial Determination**. This Order is entered based on the
representations and agreements of the parties and for the purpose of facilitating
discovery. Nothing herein shall be construed or presented as a judicial
determination that any document or material designated Confidential Information by
counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules
of Civil Procedure or otherwise until such time as the Court may rule on a specific
document or issue.

    17. **Persons Bound**. This Order shall take effect when entered and shall be
binding upon all counsel of record and their law firms, the parties, and persons made
subject to this Order by its terms.

    IT IS SO ORDERED this 6th day of November, 2012.

[signature]

UNITED STATES ~~DISTRICT JUDGE~~ Magistrate Judge

# EXHIBIT A

## Acknowledgment of Understanding and Agreement to Be Bound

I, \_\_\_\_[NAME]_____, of \_\_[Company and address]\_\_, declare under penalty of perjury that I have received a copy of the Stipulated Order Governing the Designation and Handling of Confidential Materials ("Order") entered in the matter of *Acosta v. SunTrust Banks, et al.,* No. CV 11-10205-JAK-E (C.D. Cal. Dec. 9, 2011). I have carefully read and understand the provisions of the Order.

I am bound by the terms and conditions and all provisions of the Order, and agree to comply with the terms and conditions of the Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Order, and will not copy or use except for the purposes of this action, any Confidential Material that I receive in this action.

I submit to the jurisdiction of this Court for the purposes of enforcement of this Order.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this \_\_\_\_ day of _____, 20\_\_\_.

_____
Signature of Declarant

_____
Printed Name of Declarant

# CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of November, 2012, I electronically filed a true and correct copy of the foregoing **[PROPOSED] ORDER REGARDING THE USE AND DISSEMINATION OF CONFIDENTIAL INFORMATION** through the Court's CM/ECF system, which will send a notice of electronic filing to the following:

**Steven M Tindall**
Rukin Hyland Doria & Tindall LLP
100 Pine Street Suite 2150
San Francisco, CA 94111
415-421-1800
Fax: 415-421-1700
Email: steventindall@rhdtlaw.com
*ATTORNEY TO BE NOTICED*

**Whitney Stark**
Rukin Hyland Doria & Tindall LLP
100 Pine Street
Suite 2150
San Francisco, CA 94111
415-421-1800
Fax: 415-421-1700
Email: whitneystark@rhdtlaw.com
*ATTORNEY TO BE NOTICED*

/s/ Rosina M. Hernandez