**Rosina M. Hernandez** (SBN 256303)
hernandezr@ballardspahr.com
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 800
Los Angeles, CA 90067
Telephone: 424.204.4332
Facsimile: 424.204.4350

**Martin C. Bryce, Jr.** (*pro hac vice*)
bryce@ballardspahr.com
**Maura E. McKenna** (*pro hac vice*)
mckennam@ballardspahr.com
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215.665.8500
Facsimile: 215.864.8999

Attorneys for Defendants SunTrust Banks,
Inc., SunTrust Bank, SunTrust Mortgage, Inc.,
Twin Rivers Insurance Company and Twin
Rivers II, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEMUEL D. ACOSTA and MARIA E. VENTRELLA, <br><br> Plaintiffs, <br><br> v. <br><br> SUNTRUST BANKS, INC., SUNTRUST BANK, SUNTRUST MORTGAGE, INC., TWIN RIVERS INSURANCE COMPANY, TWIN RIVERS II, INC. and JOHN DOES 1 - 10, <br><br> Defendants. | CASE NO. CV 11-10205-JAK-E <br><br> **DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS** <br><br> [Request for Judicial Notice filed on Nov. 9, 2012 and Declaration of Rosina M. Hernandez in Support of Reply and Request for Judicial Notice filed concurrently herewith] <br><br> Date: November 26, 2012 <br> Time: 8:30 a.m. <br> Courtroom: 750 – 7th Floor <br> Judge: John A. Kronstadt |

DEFENDANTS' REPLY MEMORANDUM OF POINTS & AUTHORITIES IN
SUPPORT OF THEIR MOTION TO DISMISS

1

# <u>TABLE OF CONTENTS</u>

2    I.    INTRODUCTION ............................................................. 1

3    II.   LEGAL ARGUMENT............................................................ 2

4          A.    The Application Of The Statute Of Limitations May Be
                 Determined At The Motion To Dismiss Stage.................................... 2

5
           B.    Plaintiffs' RESPA Claim Is Time Barred Because They
6                Admittedly Received Disclosures Regarding The Captive
                 Reinsurance Arrangement And Had Access To Other Publicly
7                Available Information, And, Thus, Were On Inquiry Notice. ............. 3

8          C.    Plaintiffs' Arguments Regarding the UCL Are Also Insufficient
                 And That Claim Should Also Be Dismissed. ........................................ 6

9
                 1.    Plaintiffs' UCL Claim Is Also Time Barred. ............................ 6
10
                 2.    Plaintiffs Have Not Stated A Substantive Violation Of The
11                     UCL. ............................................................................. 7

12         D.    Plaintiffs' Argument That They Have Sufficiently Alleged
                 Violations By SunTrust Banks, Inc. and SunTrust Bank Is
13               Unavailing, As Is Their Bare Allegation That They Have Pleaded
                 Sufficient Facts To Pierce The Corporate Veil. ..................................... 9

14   III.  CONCLUSION............................................................. 10

15

16

17

18

19

20

21

22

23

24

25

26

27

28

i

1

## TABLE OF AUTHORITIES

2

Page(s)

3

**Cases**

4

*Ashcroft v. Iqbal,*
556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) .............................9

5

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ...........................8

6

7

*Cervantes v. Countrywide Home Loans, Inc.,*
656 F.3d 1034 (9th Cir. 2011) ............................................................2

8

*Davis v. Ford Motor Co.,*
179 Cal. App. 4th 581, 101 Cal. Rptr. 3d 697,  (2009) ..............................8

9

10

*In re Valence Techn., Inc. Secs Litig.,*
987 F. Supp. 796 (N.D. Cal. 1997)......................................................4

11

*Jablon v. Dean Witter & Co.,*
614 F.2d 677 (9th Cir.1980) ..............................................................2

12

13

*Kay v. Wells Fargo & Co.,*
247 F.R.D. 572 (N.D. Cal. 2007)....................................................... 5, 6

14

*Kmety v. Bank of America, Inc.,*
No. 10-cv-1910, 2011 WL 4566441, * 2 (S.D. Cal. Sept. 30, 2011)..............2

15

16

*Lenz v. Assoc. Inns & Rest. Co. of Am.,*
833 F. Supp. 362 (S.D.N.Y. 1993) .....................................................4

17

*Rocha v. Bank of America, NA,*
No. 12-1215, 2012 WL 1267883, * 3 (C.D. Cal. Apr. 12, 2012)...................2

18

19

*Rodriguez v. U.S. Bank, N.A.,*
No. 12-989, 2012 WL 1996929, at *2 (N.D. Cal. June 4, 2012) ...................8

20

*S. Bay Chevrolet v. Gen. Motors Acceptance Corp.,*
72 Cal. App. 4th 861, 85 Cal. Rptr. 2d 301 (1999) ..................................8

21

22

*Salois v. Dime Sav. Bank of New York, FSB,*
128 F.3d 20 (1st Cir. 1997)................................................................4

23

*Santa Maria v. Pac. Bell,*
202 F.3d 1170 (9th Cir. 2000) ..................................................... 4, 5, 6

24

25

*Schneider v. Cal. Dep't of Corr.,*
151 F.3d 1194 (9th Cir. 1998) ........................................................ 10

26

*Schramm v. JPMorgan Chase Bank, N.A.,*
LA CV09-09442 JAK, 2011 WL 5034663, at *10
(C.D. Cal. Oct. 19, 2011 ................................................................7

27

28

ii

DEFENDANTS' REPLY MEMORANDUM OF POINTS & AUTHORITIES IN
SUPPORT OF THEIR MOTION TO DISMISS

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Snapp & Associates Ins. Services, Inc. v. Malcolm Bruce Burlingame Robertson,*
96 Cal. App. 4th 884, 117 Cal. Rptr. 2d 331, 335 (Cal. App. Ct. 2002).........7

*Socop-Gonzalez v. Immigration and Naturalization Service,*
272 F.3d 1176 (9th Cir. 2000) .........................................................................4

*Stutz Motor Car of America, Inc.,*
909 F. Supp. 1353 (C.D. Cal. 1995) ...............................................................7

*Suh v. Yang,*
987 F. Supp. 783 (N.D. Cal. 1997)..................................................................7

*Supermail Cargo, Inc. v. United States,*
68 F.3d 1204 (9th Cir. 1995) ..........................................................................3

*Townsend v. National Arbitration Forum, Inc.,*
No. CV 09–9325–VBF (RNBx), 2012 WL 12736 (C.D. Cal. 2012)......... 2, 3

DEFENDANTS' REPLY MEMORANDUM OF POINTS & AUTHORITIES IN
SUPPORT OF THEIR MOTION TO DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES

1
2       Defendants SunTrust Banks, Inc., SunTrust Bank, SunTrust Mortgage, Inc.
3 ("SunTrust Mortgage"), Twin Rivers Insurance Company ("Twin Rivers") and Twin
4 Rivers II, Inc. ("TRII") (collectively, "Defendants"), by and through their
5 undersigned attorneys, hereby submit this Reply Memorandum of Points and
6 Authorities in Further Support of their Motion to Dismiss ("Df.'s Memo.").

7 **I.     INTRODUCTION**

8       In their Memorandum of Points and Authorities in Opposition to Defendants'
9 Motion to Dismiss ("Pl.'s Opp."), Plaintiffs admit that they were aware of SunTrust
10 Mortgage's reinsurance arrangement at the time they obtained their loan.  They also
11 admit that they received a form at the closing that expressly and specifically
12 disclosed the captive reinsurance arrangement that SunTrust Mortgage employed,
13 and that the form contained a provision by which they could opt their loan out of
14 that arrangement.  (Pl.'s Opp. at p. 3.)  They admit that the Deed of Trust they
15 received also disclosed the captive reinsurance arrangement.  (*Id.* at p. 5.)  Plaintiffs
16 further quote from SunTrust Bank, Inc.'s 2008 annual 10-K report which discloses
17 details of the captive reinsurance arrangement. *Id.* at 4-5.  Despite this Plaintiffs
18 continue to assert that equitable tolling should apply to their claims.

19       Plaintiffs argue that they did not have a reasonable opportunity to discover the
20 details about the captive reinsurance arrangement that SunTrust Mortgage allegedly
21 employed until they met with counsel on January 25, 2011 because the disclosures
22 were "false and misleading." (Pl.'s Opp. at p. 9-10.)  The disclosures were not false
23 or misleading.  The disclosures were sufficient to put Plaintiffs on inquiry notice of
24 a potential claim, as prior case law involving a nearly identical captive reinsurance
25 arrangement shows.  Indeed, the law is well-settled that equitable tolling cannot
26 apply when a plaintiff has sufficient facts to place him or her on inquiry notice.

27       Plaintiffs also attempt to argue that the discovery rule should apply to their
28 Unfair Competition Law ("UCL") claim, which was brought outside of the four-year

1

1  statute of limitations. This argument, too, fails because the discovery rule does not

2  apply to UCL claims under California law. Even if the discovery rule could apply,

3  Plaintiffs had inquiry notice of any potential cause of action, which prevents any

4  tolling of the statute of limitations. Further, Plaintiffs have not stated a claim under

5  any of the applicable California standards relating to the UCL, for the reasons

6  explained herein.

7  **II.   LEGAL ARGUMENT**

8         **A.    The Application Of The Statute Of Limitations May Be**
          **Determined At The Motion To Dismiss Stage.**
9

10         It is well-settled that a district court may dismiss a claim if the running of the

11  statute of limitations is apparent on the face of the complaint and the documents

12  properly submitted with a motion to dismiss. *See, e.g., Cervantes v. Countrywide*

13  *Home Loans, Inc.,* 656 F.3d 1034, 1046 (9th Cir. 2011) (affirming the granting of a

14  motion to dismiss without leave to amend on the ground that the one-year

15  limitations period for claims for violation of TILA disclosure requirement was not

16  equitably tolled) (citing *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th

17  Cir.1980) (quotation omitted)). Thus, courts routinely dismiss claims under Rule

18  12(b)(6) where the applicable statute of limitations has run. *See, e.g., Rocha v. Bank*

19  *of America, NA*, No. 12-1215, 2012 WL 1267883, * 3 (C.D. Cal. Apr. 12, 2012)

20  (dismissing plaintiff's HOEPA claim without leave to amend where the plaintiff's

21  alleged basis for tolling was "formulaic and conclusory" and did not reveal that

22  plaintiff "was simply incapable of discovering the alleged wrongdoing"); *Kmety v.*

23  *Bank of America, Inc.*, No. 10-cv-1910, 2011 WL 4566441, * 2 (S.D. Cal. Sept. 30,

24  2011) (dismissing time-barred TILA and RESPA claims where the plaintiffs failed

25  to allege specific facts to support equitable tolling).

26         In support of their argument Plaintiffs selectively quote from *Townsend v.*

27  *National Arbitration Forum, Inc.*, No. CV 09–9325–VBF (RNBx), 2012 WL 12736

28  (C.D. Cal. 2012), stating that the issue of equitable tolling is "not generally

2

amenable to resolution on a Rule 12(b)(6) motion." (Pl.'s Opp. at p. 7.)  Plaintiffs

have omitted the beginning of that quote, which reads in full: "Because the

applicability of the equitable tolling doctrine often depends on matters outside the

pleadings, it is not generally amenable to resolution on a Rule 12(b)(6) motion."

*Townsend*, 2012 WL 12736 at *13 (quoting *Supermail Cargo, Inc. v. United States*,

68 F.3d 1204, 1206 (9th Cir. 1995)).  Here, Plaintiffs do not contend that there are

matters outside the Complaint and the disclosures they admit receiving that are

germane to deciding the applicability of equitable tolling.  There is no dispute that

Plaintiffs received the disclosure documents that Defendants rely upon to support

their argument that the statute of limitations has run.  Accordingly, this Court may

determine whether the statute of limitations for Plaintiffs' claims were equitably

tolled at this stage.

**B.**     **Plaintiffs' RESPA Claim Is Time Barred Because They Admittedly Received Disclosures Regarding The Captive Reinsurance Arrangement And Had Access To Other Publicly Available Information, And, Thus, Were On Inquiry Notice.**

Plaintiffs allege that Defendants concealed the captive reinsurance

arrangement "using vague and confusing disclosure forms to borrowers, vague and

confusing disclosure statements in corporate filings, and a non-transparent corporate

structure and off-book accounting, all of which disguised the extent to which

SunTrust benefits from receipt of a borrower's PMI premiums." (Compl. ¶ 2; *see

also* Pl.'s Opp. at p. 13.)  In their Opposition, Plaintiffs argue that the disclosure

form they received about the captive reinsurance arrangement was "untruthful and

misleading" because it stated that "SunTrust" "'may, from time to time enter into . .

. .' agreements to share the risk of loss on the loan or to mitigate their losses." (Pl.'s

Opp. at 9.)  Plaintiffs argue that the disclosure form was "misleading" because it

"suggest[ed] that it is a mere possibility that SunTrust would enter into a reinsurance

agreement with a PMI provider when it was instead a certainty." (*Id.*)  Plaintiffs

argue that it was "false," because "under these reinsurance agreements SunTrust did

3

DEFENDANTS' REPLY MEMORANDUM OF POINTS & AUTHORITIES IN
SUPPORT OF THEIR MOTION TO DISMISS

1 | not share the risk of loss on the loan . . . ." (*Id.* at 9-10.) The specifics of the captive

2 | reinsurance arrangement, including whether it was a certainty and the degree of risk,

3 | are irrelevant to the issue of whether Plaintiffs are entitled to equitable tolling, as

4 | Plaintiffs were given sufficient information to put them on inquiry notice.

5 | A plaintiff does not need to know all of the details underlying a potential

6 | claim in order for the statute of limitations to run – all that is necessary is that the

7 | plaintiff be put on inquiry notice. "Equitable tolling may not be invoked by [a] . . .

8 | plaintiff who, within the limitations period, has sufficient information to know of the

9 | possible existence of a claim." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1179 (9th

10 | Cir. 2000) (emphasis added) (*overruled on other grounds by Socop-Gonzalez v.*

11 | *Immigration and Naturalization Service*, 272 F.3d 1176, 1194 (9th Cir. 2000)).

12 | "Once the facts constituting inquiry notice are disclosed, 'neither reassurances

13 | accompanying the relevant notice nor the continued failure to disclose the facts

14 | allegedly misrepresented in the first place, relieves the plaintiff of his duty to

15 | undertake reasonable inquiry or tolls the statute.'" *In re Valence Techn., Inc. Secs*

16 | *Litig.*, 987 F. Supp. 796, 803-04 (N.D. Cal. 1997) (quoting *Lenz v. Assoc. Inns &*

17 | *Rest. Co. of Am.*, 833 F. Supp. 362, 376, n. 12 (S.D.N.Y. 1993)).

18 | Accordingly, in *Salois v. Dime Sav. Bank of New York, FSB*, the Court held

19 | that the plaintiffs' RESPA claim was time-barred since the loan documents they

20 | signed were sufficient "to place plaintiffs on inquiry notice of fraudulent conduct."

21 | *Salois v. Dime Sav. Bank of New York, FSB*, 128 F.3d 20, 25-26 (1st Cir. 1997).

22 | There, the issue was whether Dime Savings Bank ("Dime") had misled customers

23 | about the financial implications of deferred-interest loans. *Id.* at 23. Specifically,

24 | the plaintiffs alleged that Dime "fraudulently concealed the fact that their loans

25 | would definitely, rather than only possibly, go into negative amortization and accrue

26 | deferred interest." *Id.* at 24. Plaintiffs maintained that they could only decipher this

27 | fraud with the help of an attorney knowledgeable in these types of transactions. *Id.*

28 | The Court rejected this argument, stating that although the loan documents did not

DEFENDANTS' REPLY MEMORANDUM OF POINTS & AUTHORITIES IN
SUPPORT OF THEIR MOTION TO DISMISS

contain all of the information about the deferred interest program, they contained enough to trigger the plaintiffs' obligation to exercise reasonable diligence. *Id.* at 25-26.

Plaintiffs raise the same argument, and it fails here as well. The fact that the disclosures alerted Plaintiffs to the *possibility* that their loan would be subject to a captive insurance arrangement gave them sufficient information to know of the possible existence of a claim. Plaintiffs allege no due diligence on their part during the statutory period. Specifically, they do not allege that they undertook any investigation during the statutory period into whether their PMI was subject to a captive reinsurance arrangement or any investigation into whether such an arrangement gave rise to the possibility of a claim. For those reasons, equitable tolling is not available to them.

In their Motion to Dismiss, Defendants demonstrated the applicability of *Kay v. Wells Fargo & Co.*, 247 F.R.D. 572 (N.D. Cal. 2007). There, the named plaintiff also alleged violations of RESPA concerning a captive reinsurance arrangement. The Court in *Kay* held that all claims of a putative class that arose more than one year prior to the filing of the complaint were time-barred, because the putative plaintiffs "should have known of the possible existence" of a claim. *Id.* at 578 (citing *Santa Maria*, 202 F.3d at 1178). Plaintiffs seek to distinguish *Kay* on the basis that the named plaintiff in that case was able to discover the captive reinsurance arrangement and file her complaint within the statute of limitations. (Pl.'s Opp. at 14.) Plaintiffs also seek to distinguish *Kay* on the basis that "[u]nlike the *Kay* defendants' actions, SunTrust's concealment was so well-executed that it was impossible for reasonable borrowers to discover SunTrust's RESPA violations until consulting with experienced counsel." (*Id.*) In other words, Plaintiffs claim that the disclosures they received were different from the ones received by the plaintiff in *Kay*, such that the holding in *Kay* is inapplicable in this case. Given the similarity in the disclosures at issue in both cases, this assertion is incredible.

5

In *Kay*, the Plaintiff's complaint was strikingly similar to the complaint in this case. *See* Amended Complaint, *Kay v. Wells Fargo & Co.*, No. 3:07-cv-01351-WHA, Dkt. No. 27 (N.D. Cal. July 19, 2007), attached as Exhibit 1 to the Request for Judicial Notice filed on November 9, 2012. In Kay's Opposition to Wells Fargo's Motion to Dismiss, she further disclosed that Wells Fargo provided her with a form disclosure similar to the one Plaintiffs admit receiving in this matter. Like the Plaintiffs in this case, Kay argued that Wells Fargo's disclosure was insufficient because it failed to disclose that the reinsurance arrangement allegedly violated RESPA and because it failed to disclose the measure of risk being assumed by Wells Fargo. *See* Memorandum in Opposition, *Kay v. Wells Fargo & Co.*, No. 3:07-cv-01351-WHA, Dkt. No. 50 (N.D. Cal. July 12, 2007), attached as Exhibit 2 to the Request for Judicial Notice at pp. 18-19; *see also* Wells Fargo's Memorandum in Opposition to Plaintiff's Motion for Class Certification at 4 -5 ("Opp. to Class Cert.") attached as Exhibit 3 to the Request for Judicial Notice and Exhibit E to the Declaration of Diane Herman in Support thereof, which are attached as Exhibit 4 to the Request for Judicial Notice.

In sum, the *Kay* matter was nearly identical to this case, and the Court held that "all that is required is that plaintiffs be aware of the 'possible existence' of a claim, a phrase used three times by the court in *Santa Maria*. . . . Through the disclosure statements, payment schedules, and general nature of the transaction, plaintiff was on notice of the possible existence of a claim. To hold otherwise would throw open the limitation period for many, many years." *Kay*, 247 F.R.D. at 578 (quoting *Santa Maria* at 1178-79).

### C.     Plaintiffs' Arguments Regarding the UCL Are Also Insufficient And That Claim Should Also Be Dismissed.

#### 1.     Plaintiffs' UCL Claim Is Also Time Barred.

Plaintiffs correctly point out that the application of the discovery rule to UCL claims is not settled under California law. There is persuasive published authority in

6

1  this District, however, stating that it does <u>not</u>. *See Stutz Motor Car of America, Inc.*

2  *v. Reebok Int'l, Ltd.,* 909 F. Supp. 1353, 1363 (C.D. Cal. 1995) ("The 'discovery

3  rule' . . . is inapplicable on this [unfair competition] count. Thus, the statute begins

4  to run . . . irrespective of whether plaintiff knew of its accrual, unless plaintiff can

5  successfully invoke the equitable tolling doctrine.") *See also Suh v. Yang,* 987 F.

6  Supp. 783, 795 (N.D. Cal. 1997); *Snapp & Associates Ins. Services, Inc. v. Malcolm*

7  *Bruce Burlingame Robertson,* 96 Cal. App. 4th 884, 891, 117 Cal. Rptr. 2d 331, 335

8  (2002) ("The 'discovery rule,' which delays accrual of certain causes of action until

9  the plaintiff has actual or constructive knowledge of facts giving rise to the claim,

10  does not apply to unfair competition actions.").

11        Assuming that the rule does apply, even under the standard Plaintiffs urge this

12  Court to follow, it is clear that they cannot invoke the "discovery rule" to revive

13  their UCL claim.  For the reasons demonstrated above Plaintiffs were on at least

14  inquiry notice of their potential claim against Defendants at the time of the closing

15  of their loan.  Plaintiffs' attempt to apply California's discovery rule fails for these

16  same reasons.  As they have noted, this Court has observed that, under California

17  law, "the determination of when the statute of limitations began to run is measured

18  by either inquiry notice or actual notice." *Schramm v. JPMorgan Chase Bank, N.A.,*

19  LA CV09-09442 JAK, 2011 WL 5034663, at *10 (C.D. Cal. Oct. 19, 2011)

20  (Kronstadt, J.).  Since Plaintiffs had at least inquiry notice when they reviewed and

21  signed their loan documentation, the statute of limitations began to run at that time.

22        **2.      Plaintiffs Have Not Stated A Substantive Violation Of The**
          **UCL.**

23

24        Defendants demonstrated in their Motion to Dismiss that, because Plaintiffs

25  predicated their UCL violation on the alleged violation of RESPA, and because the

26  statute of limitations has run on their RESPA violation, they may not use the UCL

27  as an alternate means of reviving their claim.  (Df.'s Memo. at p. 16-17.)  The case

28  law on this point is copious.  (*Id.*)  In response, Plaintiffs offer no defense to this

DEFENDANTS' REPLY MEMORANDUM OF POINTS & AUTHORITIES IN
SUPPORT OF THEIR MOTION TO DISMISS

1  argument, other than to state that their RESPA claim was timely, and, thus, their

2  UCL claim is viable.  For the reasons demonstrated above, this is simply not the

3  case.  Absent a viable RESPA claim, Plaintiffs cannot state a claim under the

4  unlawful prong of the UCL, and thus cannot avail themselves of this prong of the

5  statute.  *See, e.g., Rodriguez v. U.S. Bank, N.A.*, No. 12-989, 2012 WL 1996929, at

6  *2 (N.D. Cal. June 4, 2012) ("Section 17200 may not be used as a device to avoid

7  the statute of limitations of the underlying laws allegedly violated.").

8          Plaintiffs argue that Defendants' conduct was "unfair" under the UCL

9  because the captive reinsurance arrangement "offends an established public policy

10 or when the practice is immoral, unethical, oppressive, unscrupulous or substantially

11 injurious to consumers," which is the standard set forth in *S. Bay Chevrolet v. Gen.*

12 *Motors Acceptance Corp.*, 72 Cal. App. 4th 861, 85 Cal. Rptr. 2d 301, 316 (1999)

13 (Pl.'s Opp. at p. 19.)  Their basis for this assertion is that "SunTrust did not disclose

14 the true nature of its relationship with its PMI providers, which increases borrowers'

15 PMI premiums significantly above the national average."  (Pl.'s Opp. at 19.)

16 Plaintiffs have alleged no more than conclusory statements regarding any link

17 between the alleged captive reinsurance arrangement and any effect on their PMI

18 premium, and, thus, have not satisfied the pleading standard set forth in *Bell Atlantic*

19 *Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

20         Plaintiffs also point to their allegedly "excessive" PMI premium to satisfy the

21 "substantial injury" prong of what they refer to as the "section 5" test set forth in

22 *Davis v. Ford Motor Co.*, 179 Cal. App. 4th 581, 597-98, 101 Cal. Rptr. 3d 697, 710

23 (2009), which was analyzed in greater detail in Defendants' Motion to Dismiss.

24 (Df.'s Memo. at pp. 18-19.)  Plaintiffs repeatedly assert that their monthly PMI

25 premium of $318 per month was "almost 20 times the industry average of .5% of the

26 loan amount, as reported by the Mortgage Bankers Association."  (Compl. ¶ 73;

27 Pl.'s Opp. at 20.)  Notably, Plaintiffs offer no factual support for this figure and no

28 explanation tying it to the alleged captive reinsurance arrangement.  This is the only

8

DEFENDANTS' REPLY MEMORANDUM OF POINTS & AUTHORITIES IN
SUPPORT OF THEIR MOTION TO DISMISS

allegation they point to in support of their assertion that their PMI charges were "excessive." This is a highly conclusory statement, particularly considering the fact that Plaintiffs' loan was a 30-year, 5/1 Adjustable Rate Mortgage with a principal amount of $397,500, for which they made no cash down payment.

The Complaint's allegations and Plaintiffs' arguments do not satisfy *Iqbal* or *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Plaintiffs have undertaken no analysis nor offered any allegations that their PMI premium was excessive relative to other, similar loans. They have, instead, pointed to a national average for PMI premiums that, presumably, includes all loan products, including those for which a down payment of some sort was made and the PMI premium was considerably lower because the risks to insure were considerably lower. They offer no "apples-to-apples" analysis of their premium, and, therefore, their allegation that it is "excessive" is merely an *ipse dixit* with no basis in fact. Plaintiffs have not pleaded anything other than a conclusory statement that, because the national average for <u>all</u> PMI premiums is less than theirs, their premium must be excessive.

**D.  Plaintiffs' Argument That They Have Sufficiently Alleged Violations By SunTrust Banks, Inc. and SunTrust Bank Is Unavailing, As Is Their Bare Allegation That They Have Pleaded Sufficient Facts To Pierce The Corporate Veil.**

Plaintiffs spend a bare paragraph confirming what Defendants argued in their Motion to Dismiss: that Plaintiffs have not alleged any involvement in the facts underlying this action by SunTrust Banks, Inc. or SunTrust Bank. Plaintiffs only point to a single conclusory paragraph in their Complaint. (Pl.'s Opp. at 24 (citing Compl. ¶ 1).) However, Plaintiffs do not allege specific facts in their Complaint that either SunTrust Banks, Inc. or SunTrust Bank engaged in any conduct that is the subject of their claims. Indeed, the loan documents Plaintiffs signed and all of the facts, including that SunTrust Mortgage was their lender, demonstrate the contrary.

DEFENDANTS' REPLY MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS

1  In response to Defendants' argument that they have not alleged facts
2  sufficient to pierce the corporate veil, Plaintiffs point to the paragraph in their
3  Complaint where they quote SunTrust's 2008 10-K. (Pl.'s Opp. at 25 (citing
4  Compl. ¶ 56).) Plaintiffs further state that "the SunTrust entities" decided to
5  "undercapitalize the trust accounts from which reinsurance payments were drawn."
6  *Id.* This allegation is not found within the Complaint and factual allegations raised
7  for the first time in an opposition brief cannot cure the deficiencies of a complaint.
8  *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998); 2
9  Moore's Federal Practice, § 12.34[2] (Matthew Bender 3d ed.) ("The court may not
10  . . . take into account additional facts asserted in a memorandum opposing the
11  motion to dismiss, because such memoranda do not constitute pleadings under Rule
12  7(a).").

13  In any event, this single allegation brings Plaintiffs no closer to satisfying the
14  test under California law for piercing the corporate veil. Plaintiffs have made no
15  effort to show how the undercapitalization of trust account, even if true, would
16  render any result in this case "inequitable." SunTrust Mortgage was their lender.
17  Plaintiffs have not alleged that SunTrust Banks, Inc. or SunTrust Bank have
18  undercapitalized SunTrust Mortgage. Nor have they alleged that that any judgment
19  against SunTrust Mortgage would be worthless because it is undercapitalized.

20  **III.  CONCLUSION**

21  For the above reasons and those set forth in their Memorandum of Points and
22  Authorities in Support of their Motion to Dismiss, Defendants respectfully request
23  that this Court grant their Motion to Dismiss.

24  Date: November 14, 2012                    Respectfully submitted,

25                                             /s/ Rosina M. Hernandez
                                               Rosina M. Hernandez
26
                                               Attorney for Defendants SunTrust
27                                             Banks, Inc., SunTrust Bank, SunTrust
                                               Mortgage, Inc., Twin Rivers Insurance
28                                             Company and Twin Rivers II, Inc.

10

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is **BALLARD SPAHR LLP**, 2029 Century Park East, Suite 800, Los Angeles, CA 90067-2909.  On **November 14, 2012**, I served the within documents: **DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS**

☒      **BY CM/ECF** for parties that are CM/ECF participants.  Service is being made electronically on those parties set forth below that are registered users of the Court's Electronic Case Filing System.

**Steven M. Tindall** (SBN 187862)
**Whitney Stark** (SBN 234863)
**RUKIN HYLAND DORIA & TINDALL LLP**
100 Pine Street, Suite 2150
San Francisco, CA 94111
Telephone: (415) 421-1800
Facsimile: (415) 421-1700
Email: steventindall@rhdtlaw.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **November 14, 2012**, at Los Angeles, California.

/S/ Rosina M. Hernandez
Rosina M. Hernandez

DEFENDANTS' REPLY MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS